UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VICTOR and ANGELA PEREZ, a married couple,  )<br>  )<br>Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>  )<br>RITZVILLE MEDICAL  )<br>INVESTORS, LLC, a Delaware  )<br>corporation d/b/a LIFE CARE  )<br>CENTER OF RITZVILLE,  )<br>  )<br>Defendant.  )<br>_____ ) | No. CV-07-323-LRS<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** are Defendant's Motions For Summary Judgment Re Plaintiff Angela Perez (Ct. Rec. 48) and Re Plaintiff Victor Perez (Ct. Rec. 50). These motions are heard without oral argument.

The Plaintiffs' counsel withdrew from representation in this matter in May 2008. Plaintiffs were provided adequate time to obtain substitute counsel, but were unsuccessful in their efforts. Plaintiffs have proceeded *pro se* since the withdrawal of their counsel and indeed, even participated in a judicial settlement conference in their *pro se* capacities. The complaint of record is an "Amended Complaint For Damages" (Ct. Rec. 16) filed February 6, 2008 by Plaintiffs' former counsel. It alleges the Plaintiffs were retaliated against for their filing of discrimination charges with the Equal Employment Opportunity Commission

**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT-    1**

(EEOC), in violation of Title VII of the U.S. Code, more specifically 42 U.S.C. Section 2000e-3(a).

Plaintiffs were advised of the requirements for responding to a summary judgment motion. (Ct. Rec. 55). They filed papers in response to the Defendant's summary judgment motions (Ct. Rec. 58) which the court has reviewed.

Plaintiffs have not complied with LR 7.1(c) in that they did not file a memorandum of points and authorities in response to Defendant's memorandum of points and authorities. Plaintiffs also have not complied with LR 56.1(b) regarding the filing of a responsive statement of facts. Much of the material submitted by Plaintiffs contains inadmissible hearsay which cannot be considered by the court in determining whether summary judgment is proper. Fed. R. Civ. P. 56(e).

Although summary judgment would be warranted solely on the basis of procedural default, the court has considered Plaintiffs' submissions, to the extent not inadmissible hearsay. Based on those submissions and the submissions of Defendant (memorandum of authorities, statement of facts, and supporting materials), the court concludes there are no genuine issues of material fact which preclude the court from finding as a matter of law that: 1) there is no causal link between the protected activity (filing of the EEOC charges) and alleged materially adverse employment actions because those actions preceded the protected activity (filing of the EEOC charges); and/or 2) any employment actions regarding the Plaintiffs which occurred subsequent to the filing of the EEOC charges were not materially adverse to a reasonable employee (i.e., Plaintiffs were not demoted or terminated; their pay and schedules were not reduced); and/or 3) to the extent any employment actions regarding the Plaintiffs which occurred subsequent to the filing of the EEOC charges were materially adverse to Plaintiffs, the Defendant

**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT-    2**

had legitimate non-discriminatory reasons for those actions, and those reasons were not a pretext for retaliation.

Accordingly, Defendant's Motions For Summary Judgment Re Plaintiff Angela Perez (Ct. Rec. 48) and Re Plaintiff Victor Perez (Ct. Rec. 50) are **GRANTED**. Defendant is awarded judgment on the retaliation claims of both Plaintiffs.

**IT IS SO ORDERED**. The District Executive is directed to enter judgment accordingly and forward copies of the judgment and this order to the Plaintiffs and to counsel for Defendant. This file shall be closed.

**DATED** this   9th   of February, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT-    3**